UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LARRY DONNELL DICKS-LEWIS III,**

      **Plaintiff,**

**v.**                              **Case No: 5:20-cv-320-Oc-34PRL**

**STATE OF FLORIDA, OCALA POLICE
DEPARTMENT and FLORIDA
DEPARTMENT OF REVENUE,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION[1]

    This case is before the Court for consideration of the *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. 3). For the reasons explained below, the motion should be denied and the case dismissed as frivolous.

### I.      Background

    Plaintiff has filed a *pro se* Complaint against the State of Florida, the Ocala Police Department and the Florida Department of Revenue. As best can be discerned from his sparse and somewhat incomprehensible allegations (Doc. 1), Plaintiff's claims arise from a panoply of alleged wrongs that he claims to have suffered. Plaintiff's Complaint refers to unspecified wrongful arrests, identity theft, deprivation of property, and appears to challenge the results of a paternity proceeding in state court. Among his allegations, and in a conclusory fashion without specifying

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

any factual details, Plaintiff contends he has been the victim of false charges, improper judgments and deprivation of property. Notably, Plaintiff alleges that the events giving rise to his claims occurred at the Marion County Judicial Center. His allegations include a broad range of grievances, including that he has been harassed, lost sleep, and has not been able to receive his stimulus check. Plaintiff also seeks an injunction against the Ocala Police Department to protect him from arrest for nonpayment of child support, and an injunction against the State of Florida to prevent its agencies and agents from harassing him

Specifically, Plaintiff purports to allege claims for conspiracy, "deprivation of rights under the color of law," and under the 1836 Treaty of Peace and Friendship, and the Fair Debt Collection Practices Act.

This is not Plaintiff's first attempt to bring these claims before this Court. Rather, it is Plaintiff's <u>third</u> attempt to bring these claims before this Court. Although framed slightly differently, Plaintiff presents essentially the same claims here that he presented in Case No. 5:19-cv-483-JSM-PRL (challenging child support proceedings in state court) and Case No. 5:19-cv-499-JSM-PRL (attempting to bring claims arising out of alleged wrongful arrests). In those cases, as in this case, Plaintiff seeks to collaterally attack state court proceedings. And, in both those cases, the complaints were dismissed as frivolous.

## II.    Legal Standards

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such

relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly. See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal

conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

### III.    Discussion

Here, Plaintiff's Complaint is deficient in numerous ways. Not only does the Complaint fail to comply with Fed. R. Civ. P. 8, but it is also devoid of any factual basis that could support Plaintiff's claims. And, Plaintiff improperly attempts to attack state court proceedings and has already attempted to bring these same claims twice before in this Court.

Plaintiff purports to assert claims for unspecified deprivations of rights, presumably under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges or immunities secured by the Constitution and laws' by any person acting 'under color

of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'" *Gomez v. Toledo*, 446 US 635, 638 (1980) (quoting 42 U.S.C. § 1983). Plaintiff fails to allege the basis of his 1983 claims against at least one appropriate defendant. The Complaint lacks even a simple narrative explaining what happened. Further, the State of Florida is immune from suit in federal court. Indeed, it is well settled that Florida has not waived its immunity from suit in federal court for § 1983 claims, and that §1983 is not an abrogation of sovereign immunity by Congress. *See Gamble v. Fla. Dep't of Health & Rehab. Servs.,* 779 F.2d 1509 (11th Cir.1986).

In some circumstances, as part of a frivolity review and in an abundance of caution, *pro se* Plaintiffs are granted an opportunity to file an amended complaint to determine whether they can present allegations sufficient to state a cause of action. Here, however, that would be an exercise in futility. Plaintiff has already brought these same claims before this Court <u>twice</u> and had them dismissed as frivolous.

## IV.   RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Plaintiff's motion to proceed in forma pauperis (Doc. 3) be **denied** and this case **dismissed**.

Further, because this is Plaintiff's third attempt to file similar claims already deemed frivolous by this Court, **Plaintiff is advised that if he files such frivolous actions in the future, he may be subject to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.** In addition, Plaintiff may be deemed an abusive filer, his *in forma pauperis* status may be denied prospectively, and the Clerk may be directed to refuse to accept any further filings from Plaintiff absent the full filing fee. *See Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) (finding that the "number, content, frequency, and disposition" of plaintiff's filings showed an

abusive pattern, and revoking plaintiff's *in forma pauperis* privilege, and directing the Clerk of the Court to refuse to accept any more of his appeals that were not accompanied by the full filing fee).

Recommended in Ocala, Florida on August 21, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy